STATE *ex rel.* W. L. McCALLEY, JR., and CENTURY LAND Co. v. DeWITT T. GRAY, Judge, and EDWARD S. HEMPHILL, Guardian *al Litem,* for HESTER M. CHALIFOUX.

151 So. 503.

Division A.

Opinion Filed December 19, 1933.

*Rogers & Towers, Daniel, Boggs & Thompson* and *Percy L. Thomas,* for Relators;

*Edward S. Hemphill,* for Respondents.

DAVIS, C. J.—This is an original proceeding in prohibition growing out of an order which was about to be entered by the Circuit Court of Duval County providing that a certain sum of money be disbursed out of the receivership funds that had accrued in the receiver's hands incident to a foreclosure proceeding wherein W. L. McCalley, Jr., was complainant and Century Land Company and others were defendants. The plaintiffs in prohibition are the complainants in the foreclosure suit and Century Land Company one of the defendants therein. The defendants in this proceeding are the Circuit Judge and one Edward S. Hemphill, as guardian *ad litem* for one of the defendants, Hester M. Chalifoux, an insane person. Rule *nisi* in prohibition was issued and the case is now before us for consideration on the question whether or not the rule *nisi* shall be discharged or a writ of prohibition absolute be issued.

The pleadings before us show that Hester M. Chalifoux, unmarried, was made a party defendant to the foreclosure suit on the allegation that she had or claimed some interest in the mortgaged *res* from which the funds in the receiver's hands was realized. Miss Chalifoux's interest was alleged to have accrued subsequent to the making and recording of the complainant's mortgage, and it was further alleged that whatever it was, it was inferior and subordinate to complainant's mortgage. While the application for a final decree of foreclosure was pending unde-

cided, Miss Chalifoux was adjudged insane. Thereupon, on suggestion of complainant, McCalley, Mr. Edward S. Hemphill, a member of the bar, was appointed by the chancellor as her guardian *ad litem* with instructions to represent her and her property interests in the pending foreclosure suit.

Subsequent to the appointment of the guardian *ad litem*, a receiver for the mortgaged premises was appointed to collect the rents and profits of the real estate attempted to be foreclosed upon. The receiver took up his duties and collected a fund which he proceeded to hold subject to the disbursing order of the circuit court. The defense to the foreclosure interposed by the guardian ad litem raised the question as to the mortgagor's title to the mortgaged land as derived from Miss Chalifoux under a conveyance executed by her prior to the making of the mortgage.

So the precise question required to be decided by this Court is whether or not a guardian *ad litem* of an insane person defendant in a foreclosure suit, contesting the ownership of the alleged mortgaged property taken charge of by a court receiver incidental to the foreclosure proceeding instituted against it, may be lawfully awarded, at the discretion of the chancellor, an "allowance" out of the income derived from such property in the hands of the receiver, for the purpose of enabling the guardian *ad litem* to prosecute an appeal from a decree in the foreclosure cause, denying the insane person's claim to the mortgaged property taken into *custodia legia* when the receiver for it was appointed.

Our view is that the ownership of the *res* in the court's custody having been duly asserted by the guardian of the insane person on behalf of his ward, and the legal title to it having been drawn in issue in the foreclosure cause,

although that issue has been decided by the circuit court against the validity of the claim, that it is within the sound judicial discretion of the chancellor to order an allowance for the guardian's compensation and expenses of appeal to be paid out of the funds in the receiver's hands realized as rents and profits from the disputed property, leaving the final adjudication of ultimate *liability* for the burden of the allowance to be determined after decision of the appeal on its merits.

Here the complainant procured the appointment of the guardian *ad litem* as a procedural step toward obtaining the decree he was seeking adverse to the asserted contrary rights of the ward, who had become insane *pendente lite*. The ward was more than a mere formal defendant under the circumstances disclosed by the record of the proceedings—she by her answer had become an adverse claimant to the *title* of the mortgaged property as against both complainant and the mortgagor's successor in interest concerning the alleged mortgaged *res*. If on appeal, the ward's claim shall prevail, the allowance of a part of the rents and profits of the property thus adjudged to be hers, will be clearly justified. On the other hand, if she shall on the appeal lose in her contention, the amount of the allowance made as an advance out of the receivership funds will be adjudged against her to be recovered out of whatever other estate she may have, if any. It is conceded that an allowance of this kind is a legitimate charge to be paid out of the ward's estate for the protection of the ward's interests in this proceeding. But the fact that the insane ward's estate may be found insolvent as against any such judgment gives rise to the objection that it should not be ordered paid out of funds thus far adjudicated not to belong to the ward at all. However, an objection of that kind goes only to the propriety of

the chancellor's threatened order, not to his power and jurisdiction to enter it. The power to enter such an order must be conceded on the premise that if the Court has inherent jurisdiction to compensate a guardian *ad litem* out of the ward's estate, within its control, it also has the right to make an advance to the guardian *ad litem* out of funds in custody of the Court which may or may not be finally adjudicated on appeal to be a part of such estate, but which is not so adjudicated, may still be made the subject of a recovery over of a judgment against the ward's estate, whether it be insolvent otherwise or not.

The authorities quoted and relied on by plaintiffs in prohibition in this case (such as Hutchinson v. Hutchinson, 152 Ill. 347, 38 N. E .Rep. 926, and kindred cases cited) relate to the imposition of ultimate liability on the complainant for the guardian *ad litem's* costs and expenses when the latter is unsuccessful. As we interpret such cases, they have no proper application to a mere order for the *advance* of costs and compensation out of existing receivership funds, to enable the guardian *ad litem* to properly perform his duties by pursuing further steps deemed by the chancellor reasonably appropriate and essential to fully protect the interests of an insane person defendant brought under his jurisdiction and protection while sitting as a court of equity, especially when the appointment of the guardian *ad litem* was made at a special insistence of the complainant who occasioned the guardian *ad litem's* designation as such.

In a controversy like this between the guardian *ad litem* for an insane defendant and the complainant who brought about his appointment, for his own special benefit, the loss, if any, which will likely fall on one or the other if the insane defendant is unsuccessful in her appeal, and is found

to have no other estate which can be made to respond to a judgment for repayment of the advance which the court has ordered to be made out of funds in *custodia legis,* must be regarded as the inevitable concomitant of the chancellor's power to act in the premises according to the exercise of a sound legal discretion vested in him to control the disbursement of receivership funds brought under his control incidental to the disposition of the *res* which has become the subject of a contest between the guardian *ad litem* and the other parties to the litigation. In such cases the remedy for the successful complainant in the foreclosure suit is to seek an order of restitution against the insane defendant's estate for the amount advanced under the order to the guardian *ad litem* and if the restitution judgment should prove unavailing because of the fact that the insane person has no estate out of which restitution can be collected, it is simply a case of *damnum absque injuria* which is an attribute of many judicial orders made in the course of winding up lawsuits.

For the reasons pointed out, we hold that the order sought to be prohibited is not beyond the power of the Court to make, whether the power is wisely exercised or not, and therefore the writ of prohibition sought against it should be denied and this proceeding dismissed at plaintiffs' cost.

Writ of prohibition denied and proceeding dismissed at plaintiffs' cost.

WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., absent and not participating because of illness.